## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Claim No: 1999A20333 |
| | § | |
| vs. | § | |
| | § | |
| Dawanda N. Wiley | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1.  This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2.  The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 13639 Castleton Street, Detroit, Michigan 48227.

### The Debt

3.  The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $772.89 |
| B. Current Capitalized Interest Balance and Accrued Interest | $799.51 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments,* | $3,802.00 |

*credits, and offsets)*

| | |
|---|---|
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$1,572.40** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.000% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

CERTIFICATE OF INDEBTEDNESS

Dawanda N. Wiley
9986 Manor St
Detroit, MI  48204

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 01/08/99.

On or about 05/09/89, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from Boatmen's 1st National Bank of K. C. at 8 percent interest per annum. This loan obligation was guaranteed by Higher Education Assistance Foundation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 12/08/90, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,836.26 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/22/93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 2,836.26 |
| Interest: | $ 1,669.11 |
| Administrative/Collection Costs: | $ 0.00 |
| Late fees: | $0.00 |
| | |
| Total debt as of  01/08/99: | $ 4,505.37 |

Interest accrues on the principal shown here at the rate of  .62  per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: _1\15\99_                          Name: _____
                                                Title:   Loan Analyst
                                                Branch: Litigation Branch

HIGHER EDUCATION ASSISTANCE FOUNDATION
P.O. BOX 64107 • ST. PAUL, MN 55164-0107

Allowance Completes Application
mail HEAF copy only to this address.

GUARANT
STUDENT L
(GSL) APPLICAT
PROMISSORY N

**SECTION A - TO BE COMPLETED BY BORROWER** *(PRINT IN INK—PRESS FIRMLY—OR TYPE)*

1. NAME (NO NICKNAMES)
LAST Wiley   FIRST Dawanda   M.I. N

2. SOCIAL SECURITY NUMBER

3. WHEN WERE YOU BORN?

4. PERMANENT ADDRESS
15131 West Chicago
CITY Det.   STATE Mich   ZIP 48204

5. PERMANENT HOME PHONE

6. U.S. CITIZENSHIP STATUS (CHECK 1 OR 2)
1 [✓] U.S. CITIZEN OR NATIONAL   2 [ ] PERMANENT RESIDENT OR OTHER ELIGIBLE ALIEN

ALIEN ID NUMBER IF APPLICABLE

7. PERMANENT RESIDENT OF WHICH STATE   Mich

8a. DRIVER LICENSE NUMBER (IF YOU DO NOT HAVE A LICENSE PRINT "NONE" AND GO TO 9)

8b. STATE IN WHICH LICENSE ISSUED   Mich

9. ADDRESS OF BORROWER WHILE IN SCHOOL (STREET, CITY, STATE, ZIP)
11851 Grandriver Det. MI. 48204

10. PHONE AT SCHOOL ADDRESS
(313) 491-4472

11. MAJOR COURSE OF STUDY, SEE CODES IN INSTRUCTIONS IN APP. BOOKLET   30

12. LOAN AMOUNT REQUESTED
$2625 .00

13. LOAN PERIOD
FROM MO 5 YR 89   TO MO 11 YR 8

PRIOR LOAN INFORMATION: READ INSTRUCTIONS IN THE APPLICATION BOOKLET

14. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, PERKINS, CONSOLIDATED, OR INCOME CONTINGENT LOAN?
[ ] YES (GIVE DETAILS ON SEPARATE SHEET) [✓] NO

15a. DO YOU HAVE ANY PRIOR UNPAID GSL LOANS?
[ ] YES (GO TO 15b) [✓] NO (GO TO 20a)

15b. IF YES, TOTAL UNPAID BALANCE OF GSL LOANS
$

16. UNPAID PRINCIPAL BALANCE OF MOST RECENT PRIOR GSL
$

17. GRADE LEVEL OF MOST RECENT PRIOR GSL; SEE INSTRUCTIONS IN APP. BOOKLET

18. LOAN PERIOD START DATE OF MOST RECENT PRIOR GSL   MO DAY YR

19. INTEREST RATE OF MOST RECENT PRIOR GSL
[ ] 7%  [ ] 8%  [ ] 9%

REFERENCES (YOU MUST PROVIDE THREE DIFFERENT NAMES, WITH DIFFERENT U.S. ADDRESSES AND PHONE NUMBERS)

PARENT/GUARDIAN
20a. NAME Lovie Wiley
STREET 13138 Thompson
CITY, STATE, ZIP Highland Pk MI 4820
PHONE

RELATIVE/FRIEND
20b. NAME Betty Thomas
STREET 9986 Manor
CITY, STATE, ZIP Det MI. 48204
PH

RELATIVE/FRIEND
20c. NAME Michael Boyd
STREET 157200 Southfiled
CITY, STATE, ZIP Det. MI. 48228
PH

NOTICE TO BORROWER: You agree that the lender identified in Section C is the lender you have chosen. You must read the additional Promissory Note terms and the borrower's Certification on the reverse side before signing this Promissory Note.
PROMISE TO PAY: I promise to pay to the order of my lender the entire Loan Amount Requested shown above, to the extent that it is advanced to me, including the Guarantee Fee and the Origination Fee and Interest of the unpaid principal balance, subject to the terms and conditions described on the reverse side of this Promissory Note and to the terms and conditions contained in the Disclosure Statement that will be provided to me no later than the time of the first disbursement of this loan. I have read, I understand, and I agree to the Borrower's Certification on the reverse side of this Promissory Note.
I understand that this is a Promissory Note. I will not sign it before reading all of its provisions, even if otherwise advised. I am entitled to a copy of this Promissory Note. By signing this Promissory Note I acknowledge that I have received an exact copy of it.

21a. SIGNATURE OF BORROWER (APPLICATION CANNOT BE PROCESSED WITHOUT SIGNATURE)
X Dawanda Wiley

21b. DATE BORROWER SIGNED
MO 5 DAY 9 YR 89

**SECTION B - TO BE COMPLETED BY SCHOOL** (BORROWER: DO NOT WRITE IN SECTIONS BELOW)

22. NAME OF SCHOOL
Preston + Anna's Bty School

24. PHONE
(313) 491-4172

25. SCHOOL CODE
GSL #025631

23. ADDRESS (STREET, CITY, STATE, ZIP)
11831 Grand River   Mich

26. SCHOOL BRANCH

27.

28. PERIOD LOAN WILL COVER
FROM MO 5 DAY 9 YR 89   TO MO 11 DAY 9 YR 89

29. STUDENT'S GRADE LEVEL (CHECK ONE)
CORRESP. [0]   UNDERGRAD. [✓1] [2] [3] [4] [5]   GRAD. [6] [7] [8] [9] [10]

30. ANTICIPATED GRADUATION DATE
MO 5 DAY 9 YR 90

31. STUDENT STATUS (CHECK ONE)
[ ] DEPENDENT  [✓] INDEPENDE

32. ADJUSTED GROSS INCOME (AGI)
$3379

33. COST OF ATTENDANCE FOR LOAN PERIOD
$6818

34. ESTIMATED FINANCIAL AID FOR LOAN PERIOD
$2300

35. EXPECTED FAMILY CONTRIBUTION (EFC)
$103

36. DIFFERENCE (ITEM 33 LESS ITEMS 34 AND 35) OR LEGAL MAXIMUM
$4415

37. SUGGESTED DISBURSEMENT DATES
1ST DISB. MO 9 DAY 15 YR 89   2ND DISB. MO 12 DAY 15 YR 89   3RD DISB. MO DAY YR

38. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS?
YES [✓] NO [ ]

39. WILL THE STUDENT ATTEND A FOREIGN SCHOOL?
YES [ ] NO [✓]

40. SCHOOL USE ONLY

I HAVE READ, I UNDERSTAND, AND I AGREE TO THE TERMS OF THE SCHOOL CERTIFICATION PRINTED ON THE REVERSE SIDE OF THIS APPLICATION.

41a. SIGNATURE OF SCHOOL OFFICIAL
Delphine Jackson

41b. DATE
MO 7 DAY 25 YR 89

41c. PRINT NAME AND TITLE
Delphine JACKSON Financial Aid OFFICE

**SECTION C - TO BE COMPLETED BY LENDER**

42. NAME C
Boatmen's 1st Natl Bank of K.C.
C/O Loan Processing Center

43. ADDRE
P.O. Box 1858
Lawrence, KS 66044
CITY:
Lender Code: 806746

44. LENDER CODE
806746

45. BRANCH CODE

48. LOAN DISBURSEMENTS
MO 9 DAY 27 YR 89 $ 2625
MO DAY YR $ AMOUNT

46.
MO DAY YR $ AMOUNT

50. IS THIS AN UNSUBSIDIZED LOAN?
YES [ ] NO [✓]

51. LENDER ACCOUNT NUMBER   ONLY

47.

49. TOTAL LOAN AMOUNT APPROVED
$2625 .00

**SECTION D - TO BE COMPLETED BY HEAF**

53a. SIGNATURE OF LENDING OFFICIAL
X YH Hsu

53b. DATE SIGNED
MO 9 DAY 25 YR 89

53c. PRINT NAME AND TITLE
YH Hsu Loan Analyst

WILEY, DAWANDA, N
CLAIM NC 1993050473506 08-22-93
1

# GSL PROMISSORY NOTE

## A. PROMISE TO PAY

The Interest, Guarantee Fee, and Origination Fee rates and terms (mentioned in the Promise to Pay on the front of this application/promissory note) are:

INTEREST

1) I agree to pay an amount equivalent to simple interest (as specified in (4)) on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full.

2) However, the U.S. Secretary of Education ("Secretary") will pay the interest that accrues on this loan prior to repayment status and during any deferment, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Guaranteed Student Loan Program ("GSLP"). In the event that the interest on this loan is payable by the Secretary, neither the lender nor other holder of this Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself.

3) Once the repayment status begins I will be responsible for payment of all interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.

4) The interest rate will be determined according to the following:
a. If I have an outstanding Guaranteed Student Loan(s) ("GSL") on the date I sign this Note, the applicable interest rate will be the same as the applicable interest rate on the outstanding GSL(s).
b. If I am borrowing for a period of enrollment which outstanding GSL(s), the applicable interest rate on thi
c. If I am borrowing for a period of enrollment which b outstanding GSL(s) but I do have an outstanding balan Supplemental Loans for Students ("SLS") made for e or on any Consolidation loan(s) which repaid loans m that date, the applicable interest rate on this loan will
d. If I am borrowing for a period of enrollment which I outstanding balance on any GSL, PLUS, or SLS ma that date or on any Consolidation loan(s) which repa ning before that date, the applicable interest rate on year of my repayment status and will be 10% beginni

5) The applicable interest rate
a. until the end of the fourth year of my repayment st
b. beginning with the fifth year of my repayment stati

6) I may also receive rebates of interest, if required by when the applicable interest rate is 10%.

7) The lender or other holder of this note may add balance (capitalization) of this loan in accordance the Higher Education Assistance Foundation (HEA

I understand that if I am eligible for federal interest b (a) during the period I am in school on at least a half-in Section D below, and (c) during the time any loa F below.

GUARANTEE FEE

8) HEAF may charge a fee to guarantee my loan. applicable regulations and HEAF policy and Rule deducted proportionately from each disbursemer refund except for the amount attributable to any di the lender's option, be applied to my loan balanc ment will show the actual guarantee fee charged.

ORIGINATION FEE

9) The Origination Fee will be deducted from the federal law and will be reflected on my disclosure rata, on undisbursed amounts, if the loan is repaic check is not cashed within 120 days of disburser

## B. DISCLOSURE OF LOAN INFOF

I understand that before I receive my first loan statement that identifies all the terms of my loan.

## C. GENERAL

I understand that the lender has applied for g because of this, the loan is subject to, and the accordance with, Title IV, Part B of the Higher federal regulations adopted under the Act, and not governed by federal law, this Note shall be lender is located.

## D. REPAYMENT

I will repay this loan in periodic installments du the end of my grace period.

However, during the grace period I may reque period begins when I cease to carry at least that is participating in the Guaranteed Student

1) I will repay this loan over a repayment period that generally lasts at least 5 years but no more
10 years. However, the following exceptions to these rules apply:
a. if, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
b. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have GSL, PLUS or SLS program loans outstanding, we—pay toward principal and interest at least $600 of the unpaid principal of all such loans (plus interest).
c. If I qualify for postponement of my payments during any period described under Deferment in this Note, or if the lender grants "forbearance", as allowed by the Act, those periods will not be included in the 5- and 10-year periods mentioned above.

2) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 1 of this Section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.

3) The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document that the lender will provide to me before the repayment period begins.

4) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.

## E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

## F. DEFERMENT

I understand that in certain instances authorized by the Act the payments I am required to make, as described under Repayment in this Note, may be deferred. The instances currently authorized by the Act are described under Deferment in the HEAF application information booklet. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

## G. FORBEARANCE

If I am unable to repay this loan in accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this Section is different from Deferment (as described in this Note) and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

## H. DEFAULT

1) Definition—I understand that under the Act, and HEAF Rules and Regulations, any of the following events is a default:
a. failing to make any installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments;
b. making any false representation for the purpose of obtaining this loan;
c. using the loan proceeds for other than educational purposes;

...that completed the application for the time identified as my loan

s than a half-time student, (b) change my permanent address.

e loan, including interest, immediately due

o schools I have attended (or am currently

/ programs and any of the following federal ortunity Grant, College Work-Study, State National Direct Student Loan), Guaranteed SLS), PLUS loans, or Consolidation Loans; payment and Deferment in this Note; attorney's fees, that are permitted by federal s. If this loan is referred for collection to an ctices Act, I will pay collection costs not to I interest. Declaring these amounts immedi-ich it may do only after complying with appli-o exercise this option does not constitute a iter date; be required to pay HEAF all amounts owed.

te charge if I fail to pay all or part of a required I fail to provide written evidence that verifies ed under Deferment in this Note. A late charge stallment.

its repayment will be reported to one or more he lender, holder or guaranty agency will also his may significantly and adversely affect my aranty agency must notify me at least 30 days lisclosed to credit bureau organizations unless . The lender must provide a timely response to rding objections I might raise with that organi-rmation reported about me.

the United States of America that the following information contained in my application for this knowledge and belief and is made in good faith. e my loan check(s) jointly payable to me and my i lender any refund which may be due me up to icational institution that I may attend or HEAF to der, or their agents, any requested information status, prior loan history, current address). I also int, the educational institution, or HEAF to make s, or prior or subsequent lenders or holders, with its. I also authorize the lender, subsequent holder, nake inquiries to the persons I have listed in my learning my current address and telephone num-used for educational purposes for the academic cational institution named on the application. I ds I receive that cannot reasonably be attributed attendance at that institution for the loan period articipation in the GSL program and that I do not that if I am eligible to apply for a Pell Grant, that I lution to estimate my eligibility for a Pell Grant. I further certify I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program.

## SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for enrollment or is enrolled as at least a half-time student, and is making satisfactory progress in a program deter-mined to be eligible for this loan program. I further certify that the student has been determined by this institution, under the regulations applicable to this loan program, to be eligible for the loan applied for. I further certify that based upon records available at this institution and due inquiry of the stu-dent, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any. loan made under any Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all applicable provisions of federal law and the rules, regulations, policies, and procedures of HEAF in the administration of this loan. The information provided in Sections A and B and this School Certification is true, complete, and correct to the best of my knowledge and belief.

---

AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and accep-tance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

SIGNATURE
X

TITLE

DATE 6-10-91

F0025  10-87

GSL-A304/A305/A307  2-88